# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| ALLEN L. WISDOM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 07-095-S-EJL |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| CENTERVILLE FIRE DISTRICT, INC., et al., | ) | **AND ORDER** |
| | ) | Re: Docket Nos. 172 & 173 |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff seeks an order shortening the time for Defendants to respond to his Motion for Order to Show Cause Re Contempt (Docket No. 172). *See* Motion for Order Shortening Time (Docket No. 173). Plaintiff's Motion for Order to Show Cause relates to his claim that Defendant Bruce Edward Baumhoff and his counsel, J. Robert Alexander, should be held in criminal contempt.[1]

Although Defendants have not yet responded to Plaintiff's Motions, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by waiting for additional briefing or from hearing oral argument, the Court will now enter a Report and Recommendation on the Motion for Order to Show Cause Re Contempt (Docket No. 172) and an Order on the Motion for Order

---

[1] Plaintiff requests that an order for criminal contempt be imposed. Because this is not a civil consent case, this Court does not have the authority to issue and order of criminal contempt. *See* 28 U.S.C. § 636(e)(1).

ORDER - 1

Shortening Time (Docket No. 173).

# I.

# REPORT

The Court has thoroughly reviewed Plaintiff's Motion for Order to Show Cause Re

Contempt, his supporting memorandum, and the supporting affidavits (Docket Nos. 172, 172-2,

172-3), and finds no basis for the District Court to exercise its discretion to issue an order to

show cause or otherwise to find Defendant Baumhoff or his attorney in contempt.  Therefore, for

the reasons explained below, it is recommended that the District Court deny Plaintiff's Motion

for Order to Show Cause Re Contempt.  Thus, no need exists to expedite the briefing on that

Motion and Plaintiff's request for expedited briefing will be denied.

## A.     Standards for Contempt

The Court has authority "to punish by fine or imprisonment, or both, *at its discretion*,

such contempt of its authority, and none other . . . (1) [m]isbehavior of any person in its presence

or so near thereto as to obstruct the administration of justice; . . .[or] (3) [d]isobedience or

resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401

(emphasis added).

"[M]isbehavior punishable under section 401(1) must be willful . . . and must actually

obstruct the district judge in the performance of his judicial duties."  *United States v. Thoreen*,

653 F.2d 1332, 1339 (9th Cir. 1981) (citations and internal quotation marks omitted).

Additionally, "[o]ne may be found in contempt for disobeying an order pursuant to section

401(3) only if the order is clear and definite, and the contemnor has knowledge of it."  *Id.*

(citation and internal quotation marks omitted).

ORDER - 2

As an initial matter, Plaintiff has not cited to any order of the Court that Defendant Baumhoff or his counsel may have violated; thus, only section 401(1) will be considered as a basis for Plaintiff's Motion.

**B.     Request for Order to Show Cause as to Defendant Bruce Edward Baumhoff**

Plaintiff's moving papers requesting an order to show cause allege that his right to privacy may have been violated by some of the alleged actions of Defendant Baumhoff's son. Plaintiff also alludes to a possible trespassing on his property by Defendant Baumhoff's son and he argues that the actions of Defendant Baumhoff's son violate the "Federal Criminal Code" and Idaho Law.  Motion for Order to Show Cause Re Contempt, pp. 3-5 (Docket No. 172).

Defendant Baumhoff's son, however, is not a party to this action nor has Plaintiff demonstrated that he has personal knowledge that Defendant Baumhoff sent his son to Plaintiff's home for any purpose, let alone an improper purpose, or that Defendant Baumhoff engaged in any "willful" behavior that actually obstructs this Court in the performance of its judicial duties. *See Thoreen*, 653 F.2d at 1339.  Indeed, the letter Plaintiff received from Defendant Baumhoff's counsel indicates that Defendant Baumhoff's son was at Plaintiff's home to ask for a lathe stored on Plaintiff's property.  *See* Wisdom Aff., Ex. 3 (Docket No. 172-2).  Finally, the behavior complained of by Plaintiff did not occur in the Court's presence.  *See* 18 U.S.C. § 401(1).

**C.     Request for Order to Show Cause as to Defendant Baumhoff's Counsel**

Plaintiff also argues that a letter he received from counsel J. Robert Alexander contains a threat and violates several rules of professional conduct for attorneys.  Mr. Alexander's letter does not contain a threat.  The letter, in its entirety, states:

ORDER - 3

> Dear Mr. Wisdom:
>
> You know very well why Caleb Baumhoff came to your place on November 16th.  I have a recording of the entire conversation with Caleb.  He was there to ask if he could pick up a lathe, which you have stored on your property.  Bruce Baumhoff has not been on your property since before you filed your case.
>
> Very truly yours,
> J. Robert Alexander

Nothing in this letter provides a basis for an order of contempt against Mr. Alexander.  Further, "[c]ontumacious misbehavior by an attorney includes disobeying a court's rulings or instructions, . . . and deceiving the court."  *Thoreen*, 653 F.2d at 1339-40.  Plaintiff has not demonstrated that Mr. Alexander has done either of these things.  Finally, counsel's conduct must cause an actual, material obstruction of justice before criminal contempt lies.  *Id.* at 1340.  None of the information provided by Plaintiff demonstrates that a material obstruction of justice has occurred here.

## II.

## RECOMMENDATION

Based on the foregoing, it is recommended to the District Court that Plaintiff's Motion for Order to Show Cause Re Contempt (Docket No. 172) be DENIED and the District Court decline to exercise its discretion to find Defendant Baumhoff or his counsel in contempt.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.

ORDER - 4

**III.**

**ORDER**

For the foregoing reasons, it is hereby ordered that Plaintiff's Motion for Order

Shortening Time (Docket No. 173) is DENIED.



DATED:  **January 11, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

ORDER - 5