# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLEN L. WISDOM, | |
| Plaintiff, | Case No. CV 07-095-S-EJL |
| v. | **REPORT AND RECOMMENDATION** |
| CENTERVILLE FIRE DISTRICT, INC., et al., | (Docket No. 27) |
| Defendants. | |

Currently pending before the Court are several motions referred by the District Court. This Report and Recommendation will address only Plaintiff's Motion for Preliminary Injunction. (Docket No. 27). The Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument. Accordingly, having carefully reviewed the record and being otherwise fully informed, the Court enters the following Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## I.

## BACKGROUND

On February 21, 2007, Plaintiff Allen L. Wisdom ("Wisdom") filed a Complaint for damages against the Centerville Fire District ("Fire District"), Centerville Water System ("Water System"), Baumhoff & Company, LLC, and several individuals. *Complaint*, (Docket No. 1). Wisdom alleges claims for civil conspiracy, breach of fiduciary duties, fraud, violations of civil rights, violations of RICO statues, and defamation. *Complaint*, (Docket No. 1).

REPORT AND RECOMMENDATION - 1

Relevant to the instant Motion are Plaintiff's allegations that Defendant Bruce Edward Baumhoff and his father, Defendant Edward Oscar Baumhoff, sited and had a Centerville Community Center well drilled on private property owned or controlled by these Defendants. Motion for Preliminary Injunction, p. 3 (Docket No. 27).  Defendant Edward Oscar Baumhoff is chairman of the Centerville Community Center Building Committee and the managing member of Defendant Baumhoff & Company, LLC, *see* Answer, p. 3, ¶ 7 (Docket No. 19); Response to Motion for Preliminary Injunction, p. 29 (Docket No. 40), and Defendant Bruce Edward Baumhoff is a Director of Centerville Fire District, Answer, ¶ 3 (Docket No. 17).

The well at issue in this action is located on the south side of the Community Center building on property owned by Baumhoff & Company, LLC.  Baumhoff Affidavit, ¶ 5 (Docket No. 41); Stephan Affidavit, ¶ 9 (Docket No. 31-2).  A project description created in connection with a grant obtained to build the Community Center and fire station project included a statement that the "site will contain a . . . well on the north side of the property."  Motion for Preliminary Injunction, Ex. 1 (Docket No. 27).  Defendants acknowledge that the well located on their property "is intended to serve the Centerville Fire District and the Centerville Water System."  Response to Motion, p. 2 (Docket No. 40).

REPORT AND RECOMMENDATION - 2

## II.

## DISCUSSION

Plaintiff seeks a preliminary injunction against only Defendants Edward Oscar Baumhoff, Bruce Edward Baumhoff, and Baumhoff & Company, LLC (collectively the "Defendants"). Motion for Preliminary Injunction (Docket No. 27). Specifically, Plaintiff seeks an order enjoining these Defendants from (1) "taking any actions to disturb the status quo of OB#4 Subdivision, the water well located thereon, or the operation of the water and/or well" until the conclusion of this litigation, and (2) taking any actions "relating to threats, harassment, retaliations or any other actions which would be adverse" to members and/or shareholders of the Centerville Fire District and Water System. Motion for Preliminary Injunction, p. 6 (Docket No. 27).

When ruling on a motion for preliminary injunction the Court should consider

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable harm to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.

*Miller ex rel. NLRB v. California Pacific Med. Ctr.*, 19 F.3d 449, 456 (9th Cir. 1994) (en banc). This test requires the moving party to show either: (1) probable success on the merits and possible irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply toward the party requesting the preliminary relief, and at least a fair chance of success on the merits. *Id.* These alternative formulations are not separate tests but represent "'two points on a sliding scale in which the degree of irreparable harm increases as the probability of success decreases.'" *Id.* (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987)).

REPORT AND RECOMMENDATION - 3

In this action, especially in light of the arguments presented in connection with the summary judgment proceedings, *see* Docket Nos. 68, 104, 157, Plaintiff has not shown a probable success on the merits of his claims sufficient to warrant a grant of preliminary injunctive relief. Although Plaintiff argues in his Motion that he has "established" that breaches of fiduciary duties occurred and that some Defendants have taken actions "to cover up the frauds," Motion for Preliminary Injunction, pp. 4-5, he has not set forth the elements of his claims or explained how the information provided relates to the required elements of his claims. Indeed, to prevail on his claim for fraud, Plaintiff must support his claim with "clear and convincing evidence." *Thomas v. Medical Center Physicians, P.A.*, 138 Idaho 200, 207, 61 P.3d 557, 564 (2002). Although Plaintiff need not establish his claims at this stage of the proceedings, something more than a recitation of the factual allegations is required to meet the standard for issuance of a preliminary injunction.

Because Plaintiff has not demonstrated a strong likelihood of success on the merits, in order to qualify for injunctive relief on the sliding scale described above, he must demonstrate a high degree of possible irreparable harm. Defendants argue that the possibility of irreparable harm is virtually nonexistent because Plaintiff has recorded a Notice of Lis Pendens to cloud the title to the property on which the well is located, *see* Baumhoff Affidavit, Ex. A (Docket No. 41), and thus Plaintiff has made the possibility of the transfer of the real property extremely improbable. Response to Motion, pp. 4-5 (Docket No. 40). Although Plaintiff argues that "the well and water could be lost to the Fire District," Motion for Preliminary Injunction, p. 5 (Docket No. 27), he has made no showing that Defendants have taken any actions that would prevent the Fire District from using the well and the water, nor is there anything in the record that indicates Defendants are attempting to transfer to a third party the property on which the well is located. In fact, Defendant Edward Oscar Baumhoff has averred that he has "no interest

REPORT AND RECOMMENDATION - 4

in undertaking any actions that might injure either the Centerville Water System, Inc., or the Centerville Fire District, Inc." Baumhoff Affidavit, ¶ 3 (Docket No. 41).

Moreover, speculative injury is insufficient to support a finding of irreparable harm; "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Carribean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff's assertions–that Defendants could still transfer the property despite the recorded notice of lis pendens and that "it is conceivable" any successor of Defendant Edward Oscar Baumhoff would not be bound by the assertion that nothing will be done to injure the Fire District, *see* Reply, p. 6 (Docket No. 47)–are speculative and do not demonstrate the type of immediate threatened injury required to qualify for injunctive relief.

For these reasons, it is recommended that the District Court determine Plaintiff has not met his burden of establishing either a likelihood of success on the merits or a showing of possible irreparable harm sufficient to grant injunctive relief.[1]

---

[1] The Court has considered that Defendant Bruce Edward Baumhoff has not responded to Plaintiff's Motion for Preliminary Injunction. However, the Court will not invoke here District of Idaho Local Civil Rule 7.1(e), which allows the Court to deem a failure to respond as a consent to the granting of a motion. In the Court's view, Plaintiff must still meet his burden to demonstrate that he is entitled to injunctive relief, even in the face of a failure by the opposing party to file a response brief. In this respect, the Court finds persuasive the reasoning of the Court of Appeals for the Ninth Circuit in *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003). In *Martinez*, the Ninth Circuit explained that a district court's order granting summary judgment can only be affirmed if the defendants affirmatively showed that "there is no genuine issue as to any material fact and that [they were] entitled to a judgment as a matter of law" and not on the basis of the plaintiff's failure to file a response memorandum.

REPORT AND RECOMMENDATION - 5

## III.

## RECOMMENDATION

Based on the foregoing, it is recommended to the District Court that Plaintiff's Motion for Preliminary Injunction (Docket No. 27) be DENIED.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED: **January 29, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge