# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

ALLEN L. WISDOM,

    Plaintiff,

v.

CENTERVILLE FIRE DISTRICT, INC., et al.,

    Defendants.

Case No. CV 07-095-S-EJL

**ORDER & REPORT AND RECOMMENDATION**
(Docket Nos. 26, 35, 39, 43)

Currently pending before the Court is Plaintiff's Application for Appointment of Receiver (Docket No. 26), referred by the District Court. The Court will address this Application below, in a report and recommendation pursuant to 28 U.S.C. § 636(b), and also will enter an order on Defendants' related motions to strike portions of the affidavits of Allen Wisdom and Robert Rast filed in support of the Application for Appointment of Receiver (Docket Nos. 35, 39, 43). Accordingly, having carefully reviewed the record and being otherwise fully informed, the Court enters the following Order and Report and Recommendation:

## I.

## BACKGROUND

On February 21, 2007, Plaintiff Allen L. Wisdom ("Wisdom") filed a Complaint for damages against the Centerville Fire District ("Fire District"), Centerville Water System ("Water System"), Baumhoff & Company, LLC, and several individuals. Complaint (Docket No. 1). Wisdom alleges claims for civil conspiracy, breach of fiduciary duties, fraud, violations of civil

ORDER & REPORT AND RECOMMENDATION - 1

rights, violations of RICO statues, and defamation.[1] *Id.* Relevant to the instant Motion are the following facts:

The Fire District was formed as a non-profit corporation in May of 1999 by local Centerville residents to provide fire protection for the community. James Steffen Aff., ¶¶ 1, 3 (Docket No. 31-2). In early 2000, Boise County applied for an Idaho Community Block Grant to build a community center and fire station ("Community Center"). *Id.* at ¶ 4. The land on which the Community Center was built is owned by the Water District and the Fire District holds a 99-year lease on the land for rent of $1.00 per year. James Steffen Aff. at ¶ 5 (Docket No. 31-2). The Fire District is current on all of the lease terms and obligations. Gloria Steffen Aff., ¶ 21 (Docket No. 34).

The Fire District charges residents $50.00 per year for fire protection services. Residents who do not pay the annual fee are required to pay the full cost of having the Fire District respond to a fire on their property. *Id.* at ¶ 6. The Fire District does not issue shares of the corporation nor are any of the volunteer firemen paid for their services. *Id.* ¶¶ 6-7.

The Water System was formed in 1978 by Centerville residents. Gloria Steffen Aff., ¶ 6 (Docket No. 34). It issues 193 shares of water at $50 per year to residents in and around Centerville, including one share to Plaintiff. *Id.* ¶¶ 10, 13 (Docket No. 34). The water shares issued by the Water System constitute a right to use water, subject to its availability. *Id.* at ¶ 14.

---

[1] The background for part of the dispute on which these claims are based is set forth in more detail in the Court's January 29, 2008 Report and Recommendation (Docket No. 189) and is incorporated by reference here. Plaintiff's Affidavit also provides more detail about the concerns that prompted him to file this action. *See* Wisdom Aff. (Docket No. 26-2).

ORDER & REPORT AND RECOMMENDATION - 2

"The water is for irrigation purposes" although several residences may use it for drinking water. *Id.* at ¶ 12.

The Water System owns the real property located at 115 Grimes Pass Road in Centerville on which the Community Center was built. Baumhoff & Company conveyed the property to the Water System in January of 2000. Shell Aff., Ex. C (Docket No. 70). There are no debts or obligations associated with the property and the property is exempt from taxes. Gloria Steffen Aff. at ¶¶ 17-18 (Docket No. 34).

Plaintiff requests that the Court appoint a receiver for the Water System and Fire District during the pendency of this litigation. Defendants oppose having a receiver appointed and have filed motions to strike portions of affidavits submitted by Plaintiff to support his application for a receiver.

## II.

## ORDER ON MOTIONS TO STRIKE

Defendants have requested that the Court strike portions of the affidavits of Allen Wisdom and Robert Rast filed in support of Plaintiff's Application for Appointment of a Receiver. (Docket Nos. 35, 39, 43). Defendants rely in large part on the standard for affidavits submitted in connection with summary judgment proceedings, Fed. R. Civ. P. 56(e), and federal evidentiary standards, Fed. R. Evid. 602, 701, 801, 802, in requesting that the Court strike significant portions of the Wisdom and Rast affidavits as hearsay and/or not based on personal knowledge.

The Court, however, agrees with Plaintiff that a request for appointment of a receiver is an equitable remedy more akin to a motion for injunctive relief than a motion for summary

ORDER & REPORT AND RECOMMENDATION - 3

judgment. Accordingly, the standard by which to measure the challenged affidavits is a lenient one. Specifically, the Court "may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973); *Ross-Whitney Corp. v. Smith Kline & French Labs.*, 207 F.2d 190, 198 (9th Cir. 1953)). In other words, courts have discretion to consider otherwise inadmissible evidence in ruling on the merits of an application for injunctive relief. *See id.*

Considering these more lenient standards, Defendants' motions to strike (Docket Nos. 35, 39, 43) will be denied; however, the Court may accord only limited weight to statements in the Rast and Wisdom affidavits that rely on hearsay or are not supported by personal knowledge. The limited weight assigned to the statements will be noted as necessary in the report below.

### III.

### REPORT ON APPLICATION FOR APPOINTMENT OF RECEIVER

Plaintiff alleges that there are various conflicts of interest between directors of both the Fire District and Water System that prevents the directors from exercising their fiduciary duties to their members and shareholders. Application, p. 2 (Docket No. 26). Plaintiff also asserts that both are controlled by Defendants Edward and Bruce Baumhoff for their own benefit and interest. *Id.*

Based on these alleged conflicts of interest and other concerns about the financial resources of the Water System and Fire District, *see* Wisdom Aff., pp. 6- 8 (Docket No. 26-2), Plaintiff's Application seeks the appointment of a receiver for both entities pursuant to Idaho

ORDER & REPORT AND RECOMMENDATION - 4

Code § 8-601(1), (5), (6) and Idaho Code § 601A(2). *See* Application (Docket No. 26). Section 8-601 provides:

> A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof:
>
> 1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or jointly interested in any property or fund, on the application of the plaintiff or of any party whose right to, or interest in, the property, or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.
> . . .
> 5. In the case where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.
> 6. In all other cases where receivers have heretofore been appointed by the usages of courts of equity.

With respect to subsection one, Plaintiff is not a partner in, nor does he jointly own or have an interest in property of the Fire District. *See* James Steffen Aff., ¶¶ 6, 8, 14 (Docket No. 31-2). Although Plaintiff has one subscription membership in the Fire District, a non-profit subscription membership corporation, *see* Reply to Fire District, Ex. A (Docket No. 42), and holds an interest in the Water System, there is not sufficient evidence, as explained below, that any property of the Fire District or Water System is in "danger of being lost, removed or materially injured;" accordingly, it is unnecessary for the Court to determine whether Plaintiff's associations with the Water System and Fire District give him standing to request a receiver under subsection one as a "party whose right to, or interest in, the property, or fund, or the proceeds thereof, is probable."

ORDER & REPORT AND RECOMMENDATION - 5

Significant in this determination is information provided by the Fire District, indicating that "the personal property of the [Fire District] is not subject to any deed of trust, mortgage, or related security documents and is not in danger of being lost, removed, canceled, or materially injured or destroyed."[2] James Steffen Aff., ¶ 14 (Docket No. 31-2). Additionally, there are no debts or obligations associated with the Water System's property. Gloria Steffen Aff., ¶¶ 17-18 (Docket No. 34).[3]

Subsection five also does not provide a basis for appointing a receiver in this action. Although Plaintiff alleges that the Fire District and Water System are in "imminent danger of insolvency," Application, p. 3 (Docket No. 26), the Fire District has not been dissolved, is not insolvent, and it does not appear from the records of the Fire District that it is in imminent

---

[2] In addition to the consideration of the financial solvency of the Water System and Fire District, the Court has considered the statements of James Steffen that the Fire District "is fully insured for liability with Arch Insurance Company" and "[t]hat coverage will respond to any judgment, should Plaintiff prevail." Supp James Steffen Aff., ¶¶ 6-7 (Docket No. 95-2).

[3] Plaintiff also points to the fact that the Water System owns the land on which the Community Center is located to support his request for a receiver. Reply to Water System, p. 3 (Docket No. 45). Plaintiff alleges that this ownership is "contrary to the clear dictates of the HUD/IDC grant to the Fire District." In connection with the summary judgment proceedings, however, an affidavit from a former employee of the State of Idaho Department of Commerce and Labor, Susan Davidson, avers that the contracts governing the Community Center grants do not require the conveyance to the Fire District of any real property owned by the Water System. Davidson Aff., ¶¶ 1, 8, 10 (Docket No. 73). Although not dispositive of the issue because there is evidence that the Fire District represented that the Water System had donated the land to the Fire District, see Docket No. 71, Att. B, the Davidson affidavit and the Affidavit of Karl T. Augustine (Docket No. 72) provide substantial evidence opposing Plaintiff's allegation that a receiver is required based on his concern that there may be issues to deal with regarding the grant used to build the Community Center and the Water System's ownership of the land on which it was built.

ORDER & REPORT AND RECOMMENDATION - 6

danger of insolvency.[4] *See* James Steffen Aff., ¶¶ 6, 12 (Docket No. 31-2) (listing James Steffen as Chairman of the Board of Directors of Fire District and stating that the Fire District "has not been dissolved, or is insolvent, or in imminent danger of insolvency, nor has it forfeited its corporate rights"); Supp James Steffen Aff., ¶¶ 3, 4, 5 (Docket No. 95-2) (reporting that as of August 2007 the Fire Department had a "net income after expenses of about $4,000.00").[5]

Similarly, the Water System has submitted information that it has funds for continued maintenance of the system, is not insolvent, nor has it forfeited its corporate rights. *See* Gloria Steffen Aff., ¶¶ 24-25 (Docket No. 34); Supp. Gloria Steffen Aff., at ¶ 10 (Docket No. 92) (explaining that "the Water System is actively and successfully collecting sums and/or dues which are due and owing and . . . the Water System has been more successful in such

---

[4] Plaintiff notes that the Fire District's Fourth of July fund-raiser and other fund-raisers are essential for the continued operation of the Fire District. Reply to Fire District, p. 3 (Docket No. 42). At the time Plaintiff filed his application for a receiver he asserted, based on information in affidavits, that there had "been no known efforts to conduct the July fund-raiser." *Id.* Subsequent briefing on the receivership issue revealed that the July 2007 fund-raiser was conducted, although it brought in less money than anticipated. *See* Supp. Steffen Aff., Ex. 1 (Docket No. 95-2) (listing in a "Profit & Loss" statement the expenses associated with the Fourth of July fund-raiser at $2,262.37 and the income from a BBQ dinner, Fourth of July breakfast, and auction at a combined $3,976.92).

[5] The Court has considered the Affidavit of H. Dee Wuehler, in which she states that her husband, the Assistant Fire Chief, told her that the treasurer told him that the Fire District had only $1,200.00 in the bank on or about September 8, 2007. Wuehler Aff., ¶¶ 23-24 (Docket No. 100-3). Ms. Wuehler goes on to state that "*[i]f this is an accurate statement*, there is about $15,000.00 not accounted for in the Fire District account." *Id.* (emphasis added). The Court has accorded little weight to these statements because they are based on hearsay, Ms. Wuehler did not allege that she has any current, personal access to the banking information for the Fire District and, significantly, Ms. Wuehler acknowledges that she is uncertain as to whether the information about the amount in the checking account is accurate. Under these circumstances, the profit, loss, and income information provided by James Steffan, who has a current association with the Fire District and knowledge of its current accounting, is more persuasive.

ORDER & REPORT AND RECOMMENDATION - 7

collections" in recent years[6]). Although the Court recognizes that the Water System now has some attorneys' fees as an additional expense, *see* Wisdom Aff., Ex. at CWS00485 & CWS00311 (Docket No. 100-2), there is no indication that these fees have impaired the Water System's ability to maintain its services. Supp. Gloria Steffen Aff., at ¶ 9(stating the "Water System is not short of funds for continued maintenance of the system").[7] *See also Gila Water Co. v. Witbeck*, 29 F.2d 175 (9th Cir. 1928) (suggesting that even insolvency of a corporation would not ordinarily constitute an independent ground for the appointment of a receiver at the insistence of a stockholder).

In making this determination, and in considering whether subsection six might provide a basis for appointing a receiver, the Court has considered that where the basis for receivership is "'imminent danger of insolvency,' facts must be alleged sufficient to show such imminent danger." *Cronan v. Dist. Court of Kootenai County*, 15 Idaho 184, 96 P. 768 (Idaho 1908). Moreover, "[a]ppointment of a receiver is a drastic remedy," and "[i]t is necessary to allege facts which show the necessity and propriety for the appointment, and that the property or fund in question is in danger of being lost, removed or materially injured." *Huggins v. Green Top Dairy Farms*, 75 Idaho 436, 445, 273 P.2d 399, 404 (1954) (citing 53 C.J. 54, Sec. 44; 75 C.J.S., Receivers, § 43, p. 702)); *see also Kelly v. Steele*, 9 Idaho 141, 72 P. 887 (1903) (explaining the

---

[6] This statement clarified Ms. Steffen's initial report that "accounts receivable is lower now." *See* Gloria Steffen Aff., ¶ 25 (Docket No. 34).

[7] Gloria Steffen is the Secretary/Treasurer of the Water system and has held that position since 2002. Supp. Gloria Steffen Aff., ¶¶ 1-2 (Docket No. 92). It is with over four years of experience in this capacity that Ms. Steffen avers that the Water System is not in any imminent danger of insolvency and describes the financial condition of the Water System. *Id.* at ¶¶ 6-10. For this reason, Ms. Steffen's statements have been accorded considerable weight.

ORDER & REPORT AND RECOMMENDATION - 8

"general rule that the courts will require a strong showing as to the likelihood of the plaintiff eventually establishing his right to recover").[8]

Although Plaintiff points to the need for the "continued and uninterrupted" operation of both the Fire District and the Water System, and argues that a receiver "would provide security to the members and shareholders of each corporation and insure the continued community essential services," Application, p. 3 (Docket No. 3), the affidavits submitted in opposition to Plaintiff's application indicate that the systems will continue to operate and serve the community.[9] The Fire District Chairman of the Board, James Steffen, has averred that the activities of the Fire District "are vital to the community," the Fire District is "active and on going," James Steffen Aff., ¶ 15 (Docket No. 31-2), and the Fire District "continues to provide fire protection services, which are vital to the community," Supp James Steffen Aff., ¶ 8 (Docket No. 95-2).

Similarly, the Secretary/Treasurer of the Board of Directors of the Water System, Gloria Steffen, has averred that the activities of the Water System "are vital to the community" and the

---

[8] The federal authorities cited by Plaintiff in his supplemental briefing also require, among other things, a showing of "grave and immediate threat or actuality of harm" and rest the decision on appointment in the discretion of the court. See Plaintiff's Supp. Br., pp. 2-5 (Docket No. 100). The requirements under state and federal law are very similar and the same facts discussed with respect to state authorities apply to the multi-factor test (set forth in federal cases and advanced by Plaintiff) to support the Court's recommendation that the request for a receiver be denied.

[9] The Court assigns very little weight to Mr. Wisdom's assertions that it is generally known in the community that some Defendants use Fire district assets personally and use the limited financial resources of the Fire District in a "sometimes irresponsible manner," or that the Fire District directors are violating the District's own bylaws and other statutes. Wisdom Affidavit, pp. 6-7 (Docket No. 26-2). Nothing else in the record establishes that this practice occurs or provides sufficient details about the alleged improper use of resources.

ORDER & REPORT AND RECOMMENDATION - 9

Water System is "active and on-going."[10] Gloria Steffen Aff., ¶ 26 (Docket No. 34). For all of these reasons, the immediacy of the alleged danger of insolvency and interruption of services to the community is not evident to a degree suggesting that a receivership is the necessary or prudent course in this action. *See Kelly*, 9 Idaho 114, 72 P. 887 (requiring a "strong showing"); *Huggins*, 75 Idaho at 445, 273 P.2d at 404 (noting that receivership is a "drastic remedy"). The Court therefore recommends that the District Court exercise its discretion to deny Plaintiff's Application pursuant to Idaho Code § 8-601.[11]

Finally, the Court also recommends that the District Court decline to find that Idaho Code § 8-601A(2) supports appointing a receiver in this matter. Section 8-601A provides that "[a] receiver may be appointed . . . where it appears that personal property subject to the deed of trust or mortgage, or to related security documents, is in danger of being lost, removed, concealed, materially injured or destroyed, that real property subject to the deed of trust or mortgage is in danger of substantial waste or that the income therefrom is in danger of being lost,

---

[10] Plaintiff asserts that the Water System is supplying potable water to homes, an activity that he alleges is illegal, but also argues that it is "essential" for the Water System to continue supplying this water to homes. Plaintiff's Supp. Br., p. 8 (Docket No. 100). Setting aside issues about whether the Water System intends its water to be used as potable water, which the Water System disputes, *see, e.g.*, Docket No. 70, Ex. B; Gloria Steffen 2d Supp. Aff., EX. A-E (Docket No. 108), there is no indication that the Water System plans to stop providing water to its members. Gloria Steffen 2d Supp. Aff.,¶¶ 15-16, 19 (Docket No. 108).

[11] In making this recommendation, the Court has considered Plaintiff's concerns about having a husband serve on the board of directors for the Fire District and his wife serve on the board of directors of Water System. *See*, e.g., Reply, p. 4 (Docket No. 45). However, Centerville is a small community and Plaintiff has pointed to no specific statute or rules that prohibit spouses from serving on the boards of directors of entities who have interests in common. Although Plaintiff may be able to establish conflicts of interest later during his prosecution of this action, it is not clear at this point in the litigation that simply having family members serve on both boards amounts to a conflict sufficient to warrant the equitable types of relief requested by Plaintiff.

ORDER & REPORT AND RECOMMENDATION - 10

or that the property is or may become insufficient to discharge the debt which it secures." Idaho Code § 8-601A(2). However, because nothing in the record indicates that the Fire District owns any real property, and because its personal property is not subject to any deed of trust and is not in any danger of being lost, removed, concealed, or destroyed, § 8-601A(2) does not provide a basis for appointing a receiver in this action. *See* James Steffen Aff., ¶¶ 5, 13 (Docket No. 31-2) (stating that the Fire District leases land and that its personal property "is not subject to any deed of trust, mortgage, or related security documents and is not in danger of being lost, removed, canceled, or materially injured or destroyed").

Similarly, the land owned by the Water District is not subject to a deed of trust, mortgage, or other security documents. Gloria Steffen Aff., ¶¶ 17-18 (Docket No. 34). Thus, receivership is not warranted under the statutory requirements.

## IV.

## RECOMMENDATION

Based on the foregoing, it is recommended to the District Court that Plaintiff's Application for Appointment of Receiver (Docket No. 26) be DENIED.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1. If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.

The time period for a party to file a brief in response to any objection that is filed within the ten-day period is hereby shortened to five (5) days after being served a copy of the

objections. *See* D. Idaho L. Civ. R. 72.1 (setting a ten day deadline for objections and responses to report and recommendations "unless the magistrate judge . . . sets a different time period).

## V.

## ORDER

Based on the foregoing, it is hereby ordered that Defendants' motions to strike portions of the affidavits of Allen Wisdom and Robert Rast filed in support of the Application for Appointment of Receiver (Docket Nos. 35, 39, 43) are DENIED.



DATED: **February 20, 2008**.

Larry M. Boyle
United States Magistrate Judge