IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLEN WISDOM, ) | |
| ) | |
| Plaintiff, ) | Case No. CV07-95-S-EJL |
| ) | |
| vs. ) | ORDER ON REPORT |
| ) | AND RECOMMENDATION |
| ) | |
| CENTERVILLE FIRE DISTRICT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On January 29, 2008, United States Magistrate Judge Larry M. Boyle issued his Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. Plaintiff filed his Objection to Report and Recommendation on February 19, 2008 (Docket No. 204). No responses to the objection were filed by the opposing parties in this matter.

Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record in order to rule upon the objections of the Plaintiff.

Magistrate Judge Boyle recommends that Plaintiff's motion for preliminary injunction be denied. Plaintiff objects that Judge Boyle did not consider the public interest impact of this motion as well as failed to consider evidence of wrongdoing by Defendants in determining that the alleged injury was speculative and that Plaintiff had failed to establish his likelihood of success on the merits. Finally, Plaintiff claims his due process rights were violated by the failure of Judge Boyle to hold a hearing on the motion.

Plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). However, the Court reminds the Defendants that pro se litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

First, as to Judge Boyle's failure to hold a hearing, this is not a proper objection by Plaintiff. The Ninth Circuit has held that hearings are not required if the parties have been given fair notice and an opportunity to present their arguments to the court. Such notice is provided by Dist. Idaho Loc. Civ. R. 7.1.

> "It repeatedly has been held that there is no constitutional right to present oral argument on a motion." 12 Wright & Miller, Federal Practice and Procedure § 3091 at 184 (2d ed. 1973). See Morrow v. Topping, 437 F.2d 1155, 1156 (9th Cir. 1971) (rejecting due process claim). Due process does not require an oral hearing in every situation. See, e.g., FCC v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 275-76 (1949) (FCC may decide certain matters without oral hearing).

Zucker v. Occidental Petroleum Corp., 68 F.3d 482 (9th Cir. 1995). In this case, Plaintiff filed the motion for injunction and had the opportunity to file a supporting brief with his motion as well as a reply brief. Accordingly, the Plaintiff's due process rights were not violated as he was allowed to submit his written briefing before Judge Boyle issued his Report and Recommendation on the motion.

Plaintiff does not disagree that Judge Boyle set forth the correct legal standard for a preliminary injunction. Federal Rule of Civil Procedure 65(a) discusses the procedure to be followed on an application for a preliminary injunction. Broadly defined, a preliminary injunction is a judicial remedy that is issued to protect a plaintiff from irreparable harm while preserving the court's power to render a meaningful decision after a trial on the merits. Thus, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain. The grant or denial of a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. See: Inland Steel v. U.S., 306 U.S. 153, 59 S.Ct. 415, 83 L.Ed. 557 (1939); Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S. Ct. 229, 85 L.Ed. 189 (1940); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See: Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed. 2d 166 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528, 80 S.Ct.

1326, 4 L.Ed.2d 1435 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In the case of Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet one of two tests. Under the first,

> [A] court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

Id. (internal quotations and citations omitted); and Stanley v. Univ. of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994). Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (en banc). This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa. Id.

Speculative injury is insufficient to support a finding of irreparable harm. As the Ninth Circuit has stated,

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

Carribean Marine Service Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

In reviewing the entire record in this matter, the Court finds Plaintiff's objections regarding Judge Boyle's application of the law to the facts of this case are not well-founded. This Court agrees with Judge Boyle's analysis that Plaintiff has not established his likelihood of success on the merits, the alleged irreparable harm is speculative and highly unlikely based on the lis pendens that has been filed by Plaintiff on the real property, the granting of the injunction is not in the public interest where the status quo is not being threatened to change by Defendants during the pendency of this litigation. Simply put, the extraordinary relief requested in the form of a preliminary injunction is not justified in this case and Plaintiff's objections are denied.

ORDER - Page 3
08ORDERS\WISDOM_RNR.WPD

Because the Court finds the Report and Recommendation of Judge Boyle to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings and conclusions made by Judge Boyle.  Acting on the recommendation of Judge Boyle, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:  Plaintiff's Motion for Preliminary Injunction (Docket No. 27) is DENIED.

DATED:  **March 12, 2008**

Honorable Edward J. Lodge
U. S. District Judge