IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLEN L. WISDOM, ) ) Plaintiff, ) ) vs. ) ) CENTERVILLE FIRE DISTRICT, INC., et al., ) ) Defendants. ) _____) | Case No. CV07-95-S-EJL  **ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 29, 2008, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation recommending that Defendants' motions for summary judgment be granted except as to one claim. Any party may challenge a Magistrate Judge's proposed recommendation regarding by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b). Plaintiff requested and was provided a limited extension of time and number of pages in which to file his objections. On the date objections were due, Plaintiff sought an additional extension which the Court denied.[1] Accordingly the matter is ripe for the Court's consideration.

---

[1] On that date, Plaintiff did file an objection to the Magistrate's Order (Dkt. No. 246).

**ORDER 1**

**Discussion**

I.   <u>Report and Recommendation</u>

On February 28, 2007, Plaintiff, Allen L. Wisdom, filed a complaint against the several named Defendants as a result of circumstances surrounding the building of a Community Center and Fire Station in Centerville, Idaho. The complaint raises claims for civil conspiracy, breach of fiduciary duties, fraud, civil rights violations, RICO violations, and defamation. The Magistrate Judge concluded that the claims were each subject to dismissal on summary judgment with the exception of the defamation claim as to Defendant Bruce Baumhoff. The Court has reviewed the report and recommendation, the parties' motions, briefing, and the entire record in these matters. Based upon this review, the Court finds the report and recommendation has correctly decided the motions.

The Magistrate Judge made the initial determination that Plaintiff lacks standing to bring the claims on behalf of the corporation at issue and, as to the constitutional claims, he has failed to assert any injury in fact. In taking up the merits of the claims, the Magistrate Judge concluded that the officers of the corporation are immune from liability under Idaho's Non-profit Corporation Act, Idaho Code § 30-3-80(4), Plaintiff failed to provide the requisite notice under the Idaho Tort Claims Act, Idaho Code § 6-901, and the § 1983 claims were barred by immunity or other applicable legal standards, the civil conspiracy claims are without a legal basis. As to the breach of fiduciary duties claims, the Magistrate Judge determined that there was no duty owed as alleged by Plaintiff and, if a duty existed, it was not breached and, further, that the cause of action is a derivative claim and therefore precluded. As to the fraud and civil conspiracy claims, the Magistrate Judge recommended

**ORDER  2**

granting summary judgment because there is no genuine issue of material fact as to any alleged misrepresentation and no evidence of any conspiracy to violate Plaintiff's civil rights. Because Plaintiff is not a member of any recognized protected classes for purposes of § 1985, summary judgment is also proper for the claims raised under § 1985 and § 1986. As to the RICO claim, the Magistrate Judge recommends granting summary judgment as the Plaintiff lacks standing to bring a derivative action, has failed to sufficiently allege damages nor the necessary predicate facts necessary to establish a RICO claim. Finally, as to the defamation claims, the Magistrate Judge determined summary judgment is appropriate as to all Defendants except for Defendant Baumhoff because the claim lacks any specific information regarding the alleged defamation as to the other Defendants sufficient to state a claim for defamation.

The Court has taken great pains in reviewing the record in this case including the parties briefing on the motions for summary judgment in considering the Magistrate Judge's recommendations. This is particularly true in light of Plaintiff's *pro se* status. Having done so, the Court is in agreement with the Magistrate Judge's recommendations and will adopt the report and recommendation in its entirety. In doing so, the Court finds it necessary to consider and discuss Plaintiff's remaining claim of defamation.

II.     Defamation Claim

The only claim surviving in this matter is the Plaintiff's defamation claim against Defendant Bruce Baumhoff. In Count VI of the complaint, Plaintiff alleges that Defendant Baumhoff defamed him by stating to a group of people that Plaintiff is a "wife beater" and a "dog beater." In support of his allegation, Plaintiff filed his own affidavit (Dkt. No. 134) and an affidavit of Maxine Rast (Dkt. No. 177) both of which support the Plaintiff's allegations regarding the allegedly defamatory

**ORDER  3**

statements. The statements were allegedly made by Defendant Baumhoff to a group of people after the conclusion of a Fire District Board of Director's meeting on October 7, 2006. The Plaintiff also attached his letter of resignation from the Fire District Board of Directors which was submitted after this meeting and referenced the alleged defamatory comments. (Dkt. No. 134, Ex. N).

When considering the Motion for Summary Judgment with regard to the pendant state law claims, the Court applies Idaho's substantive law. Bryant v. Technical Research Co., 654 F.2d 1337, 1343 (9th Cir. 1981). In Idaho, "in order to prove a claim of defamation, the plaintiff has the burden of proving each of the following elements[:]"

1. The defendant communicated information concerning the plaintiff to others; and
2. The information impugned the honesty, integrity, virtue or reputation of the plaintiff or exposed the plaintiff to public hatred, contempt or ridicule; and
3. The information was false; and
4. The defendant knew it was false, or reasonably should have known that it was false; and
5. The plaintiff suffered actual injury because of the defamation; and
6. The amount of damages suffered by the plaintiff.

Idaho Civil Jury Instruction 4.82. Defendant's motion for summary judgment alleges dismissal of the defamation claim is proper because the statements were not made and, even if the alleged defamatory statements were made, the statements were expressions of opinion, not fact, and therefore are not defamatory statements. The Magistrate Judge concluded that the there are genuine issues of material fact as to this claim against Defendant Baumhoff and, therefore, summary judgment should not be granted.

Defamation claims involve false factual statements but statements of opinion are protected speech under the First Amendment. Cochran v. NYP Holdings, Inc. 58 F. Supp.2d 1113, 1121 (C.D. Cal. 1998) ("Mere comment within the ambit of the First Amendment is not

**ORDER  4**

actionable."). In Wiemer v. Rankin, 790 P.2d 347 (Idaho 1990), the Idaho Supreme Court adopted the approach of the Second Circuit in libel cases distinguishing between a statement of fact subject to potential defamation liability or a mere expression of an opinion noting: "An assertion that cannot be proved false cannot be held libelous.  A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. Liability for libel may attach, however, when a negative characterization of a person is coupled with a clear but false implication that the author is privy to facts about the person that are unknown to the general reader. If an author represents that he has private, first-hand knowledge which substantiates the opinions he expresses, the expression of opinion becomes as damaging as an assertion of fact." Wiemer, 790 P.2d at 352 (citing Hotchner v. Castillo-Puche, 551 F.2d 910, 913 (2d Cir 1977) (citations omitted).  As such, "Opinions based on false facts are actionable only against a defendant who had knowledge of the falsity or probable falsity of the underlying facts." Hotchner, 551 F.2d at 913 (The Second Circuit's language goes to whether the declarant of the statement knew it was false or reasonably should have known it was false.) (citations omitted); see also Dodds v. Am. Broad. Co., 145 F.3d 1053, 1065-68 (9th Cir. 1998) (dismissing action for failure to state a claim because statements were non-actionable opinion as a matter of law).

    The Supreme Court, however, has held that the First Amendment provides sufficient protections for opinions such that courts need not engage in efforts to distinguish between statements of opinion and statements of fact. Milkovich v. Lorain Journal Co., 497 U.S. 1, 21 (1990).  Thus, "in reviewing a defamation claim, a court must ask as a threshold matter 'whether a reasonable fact finder could conclude that the contested statements implies an assertion of objective fact." Unelko Corp. v. Rooney, 912 F2d 1049, 1053 (9th Cir. 1990).  "If the answer is no, the claim is foreclosed

**ORDER 5**

by the First Amendment." Id. "The First Amendment protects 'statements that cannot reasonably [be] interpreted as stating actual facts about an individual.'" Knievel v. ESPN, 393 F.3d 1068, 1074 (2005) (citing Milkovich, 497 U.S. at 20). "Courts have extended First Amendment protection to such statements in recognition of 'the reality that exaggeration and non-literal commentary have become an integral part of social discourse.'" Knievel at 1074 (citing Livinsky's, Inc. v. WalMart Stores, Inc., 127 F.3d 122 128 (1st Cir. 1997)).

The Ninth Circuit adopted a three part test for First Amendment analysis: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." Id.; see also Partington v. Bugliosi, 56 F3d 1147, 1153 (9th Cir. 1995). The totality of the circumstances in which the statement was made must be examined. Underwager v. Channel 9 Australia, 69 F.3d 361, 366 (9th Cir. 1995). The Court must "examine the work as a whole, the specific context in which the statements were made, and the statements themselves to determine whether a reasonable fact finder could conclude the statements imply a false assertion of an objective fact and therefore fall outside of the protection of the First Amendment." Partington v. Bugliosi, 56 F.3d 1147 (9th Cir. 1995). The Court must interpret the statement "from the standpoint of the average reader, judging the statement not in isolation, but within the context in which it is made." Norse v. Henry Holt & Co., 991 F.2d 563, 567 (9th Cir. 1993).

The Court finds that a genuine issue of material fact exists as to whether Defendant Baumhoff made the statements and whether the statements are statements of fact or opinion for purposes of the defamation claim. While the statements are undoubtedly opinions, they are also

**ORDER 6**

factual assertions regarding the Plaintiff drawing into question his character. Whether the statements were made is a factual dispute that cannot be resolved on a motion for summary judgment. A fact finder could find that the statements imply false assertion or assertions of an objective fact or facts if the facts in this case are as Plaintiff has alleged in the complaint. Accordingly, the Court finds that the First Amendment does not foreclose the defamation claim and the motion for summary judgment at to the defamation claim against Defendant Baumhoff must be denied.

III.     Supplemental Jurisdiction

The Plaintiff's complaint initially raised claims based on federal laws over which this Court had original jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The complaint also raised state law claims over which this Court had supplemental jurisdiction. See 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Pursuant to 28 U.S.C. § 1367(c)(3), where, as here, a district court dismisses federal claims on the merits, it has discretion over whether to decline to exercise supplemental jurisdiction over the remaining state claims. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."); 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental

**ORDER  7**

jurisdiction over a claim under [§ 1367(a)] if ... the district court has dismissed all claims over which it has original jurisdiction....").

"The Ninth Circuit holds that a decision to decline jurisdiction under § 1367(c) must be reached through a two-step analysis: (1) the Court must determine that one of the 'factual predicates' of § 1367(c)(1) -(3) exists; and (2) the Court must decide that declining jurisdiction best serves the values of 'economy, convenience, fairness, and comity' established by Gibbs. When the circumstances of § 1367(c)(1)-(3) exist, 'the underlying Gibbs values ordinarily will 'point toward' declining jurisdiction.' In the end, however, the decision to decline jurisdiction over pendant state claims is squarely within the discretion of the district court." Jeffrey v. Home Depot U.S.A., Inc., 90 F.Supp.2d 1066, 1071 (S.D. Cal. 2000) (citations omitted). In light of the Court's ruling in this Order, the only surviving claim in this matter is the state based claim for defamation as to Defendant Baumhoff. Thus, the there is no longer a basis for original jurisdiction and the §1367(c)(3) factual predicate exists.

Further, declining to exercise supplemental jurisdiction over the remaining claim in this case "best serves the values of economy, convenience, fairness, and comity." See Jeffrey, 90 F.Supp.2d at 1071 (citing cases). Because the remaining defamation claim is derived solely from state law, the Court finds that the values listed above are best served by having the state court resolve the claim. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, the case will be dismissed without prejudice.

**ORDER  8**

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Boyle, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 20, 2008, (Docket No. 244), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Motion for Summary Judgment submitted by Defendants Centerville Water System and Ronald Shell (Docket No. 67) be **GRANTED**.

2. The Motion for Summary Judgment submitted by Boise County-Related Defendants (Docket No. 104) be **GRANTED**.

3. The Motion for Summary Judgment submitted by the Fire District, Jim Steffen, and Bruce Baumhoff (Docket No. 156) be **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to all claims except as to the defamation claim made against Bruce Baumhoff as an individual.

4. The Motion for Summary Judgment submitted by Oscar Baumhoff and Baumhoff & Company (Docket No. 203) be **GRANTED**.

5. The case is **DISMISSED WITHOUT PREJUDICE** in its entirety.

DATED: **September 22, 2008**

Honorable Edward J. Lodge
U. S. District Judge

ORDER  9