## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALLEN L. WISDOM, | ) | Case No. CV-07-095-S-EJL-LMB |
| | ) | |
| Plaintiff, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| CENTERVILLE FIRE DISTRICT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court are several motions for Attorney Fees (Docket Nos.

264, 267, 269, 270), Plaintiff's Motion for an Order to Show Cause (Docket No. 274),[1] and

Motion for review of Clerk's entry of Bill of Costs (Docket No. 287).  The Court conclusively

finds that the decisional process on the pending motions would not be significantly aided by oral

argument.  Accordingly, having carefully reviewed the record and being otherwise fully

informed, the Court enters the following Report and Recommendation.

## I.  BACKGROUND

On February 21, 2007, Plaintiff Allen L. Wisdom ("Wisdom") filed a Complaint for

damages against the Centerville Fire District ("Fire District"), Centerville Water System ("Water

System"), Baumhoff & Company, LLC, and several individuals.  *Complaint*, (Docket No. 1).

Wisdom alleged claims for civil conspiracy, breach of fiduciary duties, fraud, violations of civil

rights, violations of RICO statues, and defamation.  *Complaint*, (Docket No. 1).  Plaintiff

_____

[1]  Docket No. 274 is an Objection to a Bill of Costs filed by one of the Defendants.  In his objection, Plaintiff also moves this Court for an Order to Show Cause.  Accordingly, this Court will view Plaintiff's Objection as a motion as well.

**REPORT AND RECOMMENDATION - 1 -**

claimed subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and

supplemental jurisdiction under § 1367.  *Id.*

On August 20, 2008, the undersigned issued a Report and Recommendation

recommending that Defendants' motions for summary judgment be granted except as to one

claim.  (Docket No. 244).  On September 22, 2008, Judge Edward J. Lodge entered an Order

adopting the Report and Recommendation in its entirety.  (Docket No. 259).  Furthermore,

because the only remaining claim was derived entirely from state law, Judge Lodge declined

exercising supplemental jurisdiction and dismissed Plaintiff's only remaining claim, and thus the

action in its entirety, without prejudice.  *Id.*  Accordingly, on September 22, 2008, Judgment was

entered against Plaintiff.  (Docket No. 260).  On November 19, 2009, Plaintiff's untimely

objections to the undersigned's Report and Recommendation were considered by Judge Lodge,

and were overruled.  (Docket No. 285).

## II.  DISCUSSION

### A.    Attorneys' Fees

Defendants, having prevailed on their motions for summary judgment (Docket Nos. 67,

104, 156, 203), move for payment of attorneys' fees pursuant to Idaho Code §§ 6-918A, 12-121,

and 42 United States Code § 1988.  Specifically, Defendants cite Idaho law with regard to

prevailing on Counts I (Civil Conspiracy), II (Breach of Fiduciary Duty), III (Fraud), and VI

(Defamation).  Defendants cite 42 U.S.C. § 1988 as entitling them to fees, as the prevailing

party, with regard to Count IV, Plaintiff's civil rights claim.  Defendants do not claim fees, as the

prevailing party, under Count V of the Complaint (RICO claims).  Accordingly, Defendants have

deducted 1/6 of their entire fee claims, which, according to Defendants corresponds, proportionally, with the amount of time that was expended on defending Plaintiff's RICO claim.

By way of summary, Defendants make claims for the following: (1) Defendants Shell and Centerville Water System, Inc. request an award of attorney in the amount of $63,050.83; (2) Defendants Centerville Fire Dist., Inc., Bruce E. Baumhoff, and Jim Steffen claim $72,216.17; (3) Defendants Roger B. Jackson, Rora A. Canody, Tim Fleming and Larry Lampson request $28,323.00 in attorney fees and $950.88 in non-taxable costs; and (4) Defendants Baumhoff & Company and Edward O. Baumhoff seek attorney fees in the amount of $48,077.75.

Plaintiff responds that the Court lacks jurisdiction to consider attorney fees and costs as to Counts I, II, III and V. *Objection to Motion for Allowance of Attorney Fees*, pp. 1–2 (Docket No. 75). Specifically, Plaintiff contends that, as the Court previously determined that Plaintiff had no standing to bring these claims, that same lack of standing "leaves th[e] Court without jurisdiction . . ." to determine fees. *Id*. at 5. In the alternative, Plaintiff asserts that, because he has appealed judgment, the District Court is divested of jurisdiction with regard to fee determinations. *Id*. at 6. Plaintiff also argues that Idaho law does not apply here because "state substantive law is applied only in diversity cases." Plaintiff reasons that "[b]ecause this action is not a diversity action state law does not apply to this Court's supplemental jurisdiction causes of action." *Id*. at 7. Finally, Plaintiff claims that Defendants have failed to show that Plaintiff's action was "frivolous, unreasonable, or without foundation," or even that Defendants prevailed as required by 42 U.S.C. § 1988. *Id*. at 8–9.

REPORT AND RECOMMENDATION - 3 -

1.    **Plaintiff's *Pro Se* Status**

As an initial matter, the Court is sensitive to the less-stringent standards to which *pro se* litigants are held.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that a *pro se* litigant's pleadings, "however inartfully pleaded," are held to the most liberal of standards because *pro se* litigants may be less capable of formulating legally-competent initial pleadings).  "*Pro se* plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim."  *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).  However, this liberal standard readily applies only to initial pleadings of factual allegations because the familiarity with the law is less at the initial stages of a law suit.  *See Neitzke v. Williams*, 490 U.S. 319, 330 (1989).  Later court documents, for example responsive pleadings, may be held to a higher standard.  *See id*.

While the Court considers Plaintiff's *pro se* status relevant, Plaintiff has been involved with this case for substantial amount of time, has filed hundreds of pages in briefs, motions, objections, affidavits, and replies with the Court.  Plaintiff has also cited numerous legal points and authorities to support his contentions.  *See, e.g.*, *Objections to Motions for Attorney Fees* (Docket Nos. 275–78).  In doing so, as a layman, Plaintiff has exhibited a remarkable understanding of the law; therefore, Plaintiff is not an unsophisticated litigant.  Consequently, the liberal standards prescribed for *pro se* litigants are not applicable here, and Plaintiff's status as a *pro se* litigant does not bar an award of fees.  *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1897) (applying 28 U.S.C. § 1988).

2.        **Prevailing Party**

Having prevailed on summary judgment, Defendants assert to be the prevailing party for the purposes of attorneys' fees.  Plaintiff, on the other hand, contends that because the complaint was dismissed *without prejudice*, there is, in fact, no prevailing party.

The discretionary authority to award fees given to the Court is not in terms "limited to the allowance of fees to a party who prevails only after a trial on the merits."  *See Corcoran v. Columbia Broad., System, Inc.*, 121 F.2d 575, 576 (9th Cir. 1941).  While there is no precedent that speaks precisely to a court-ordered dismissal *without prejudice* and the fee-shifting statutes in question, it is abundantly clear the Court can award fees following any  "material alteration of the legal relationship of the parties."  *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 604 (internal citations omitted); *Int'l Marble & Granite Colorado, Inc. v. Congress Fin. Corp.*, 465 F.Supp.2d 993, 998 (C.D. Cal. 2006).  Further, "[t]he most significant difference between dismissals with or without prejudice is that a dismissal without prejudice allows the plaintiff to file its case again (though only once more)."  *Id*.

In the underlying action, Defendants were put to great expense in making an appearance, responding to a litany of Plaintiff's filings, and obtaining several Court orders, including an Order granting Defendants' Motions for Summary Judgment.  With all of this in mind, the Court finds, and thus concludes, that Defendants are the prevailing parties within the spirit and intent of the statutes even though they may, at Plaintiff's election, again be sued on the same cause of action in state court.  Accordingly, Defendants should be considered the prevailing parties for the purpose of the aforementioned pending motions.

### 3.      Jurisdiction

#### a.      Plaintiff's Standing

Plaintiff claims that because the action has been dismissed because of his lack of standing, this Court has no jurisdiction to address the motion for fees and costs.  *Response to Motion for Fees*, pp. 1–2 (Docket No. 22).

Rule 54(d) provides that a claim for attorney fees "must be filed no later than 14 days *after the entry of judgment*."  Fed. R. Civ. P. 54(d)(2).  The Court may consider collateral issues after an action is no longer pending in that court, "even years after the entry of a judgment." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (internal quotation marks omitted) (quoting *White v. N.H Dep't of Employment Sec.*, 455 U.S. 445, 451 n.13 (1982)).

The award of attorney's fees pursuant to Rule 54 is collateral to the decision of summary judgment.  *See Moore v. Permanente Med. Group. Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Thus, even though the action has been dismissed, the Court retains jurisdiction for the limited purpose of considering a petition for the award of attorney fees.  This same reasoning applies to Plaintiff's argument that only the Court of Appeals has jurisdiction over this case in light of Plaintiff's appeal.

#### b.      Choice of Law in a Court Exercising Supplemental Jurisdiction

When the court's jurisdiction is predicated on diversity, or when the court hears a state-law claim based on supplemental jurisdiction, as is the case here, the court must determine whether, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), the matter is substantive or procedural.  *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000)  "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law

of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Id*. at n. 2.; *see also Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("The *Erie* principles apply equally in the context of pendent jurisdiction.").   It is well settled that "federal courts sitting in diversity apply state substantive law and federal procedural law." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837 (9th Cir. 2001) (quotation marks omitted).

For *Erie* purposes, it is well settled that attorney's fees are substantive when the availability of "those fees [is] connected to the substance of the case." *In re Larry's Apartment*, 249 F.3d at 838.  In "action[s] involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999); *see also Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 210 (9th Cir. 1980) ("In a diversity action, the question of attorney fees is governed by state law."); *Shulz v. Lamb*, 591 F.2d 1268, 1273 (9th Cir. 1978) ("Federal courts . . . are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney's fees.").  With regard to Plaintiff's state law claims, because of the Court's supplemental subject matter jurisdiction, the Court must apply Idaho law.

Although Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so." *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).  However, "[i]n exercising that discretion, a district court must 'specify reasons' for its refusal to award costs." *Berkla*, 302 F.3d

at 921.  Accordingly, the Court has jurisdiction to make a judgment regarding the award of

attorneys' fees to the prevailing party or parties.

### 4.      Claim for fees pursuant to Idaho Code 6-918A

Idaho Code 6-918A provides in relevant part that,

> at the discretion of the trial court, appropriate and reasonable attorney fees may be
> awarded to the claimant, the governmental entity or the employee of such
> governmental entity, as costs, in actions under this act, upon petition therefor and a
> showing, by clear and convincing evidence, that the party against whom or which
> such award is sought was guilty of bad faith in the commencement, conduct,
> maintenance or defense of the action.  In no case shall such attorney fee award or any
> combination or total of such awards, together with other costs and money judgment
> or judgments for damages exceed, in the aggregate, the limitations on liability fixed
> by section 6-926, Idaho Code.

*Id*.  Section 6-918A is the exclusive provision for awarding attorney fees under the Idaho

Tort Claims Act (ITCA), including claims on appeal.  *See Nation v. State*, 144 Idaho 177,

194, 158 P.3d 953, 970 (2007); *Jensen v. State*, 139 Idaho 57, 64-65, 72 P.3d 897, 904-05

(2003); *Packard v. Joint Sch. Dist. No. 171*, 104 Idaho 604, 614, 661 P.2d 770, 780

(Ct.App. 1983).[2]  "Section 6-918A allows for an award of attorney fees when a party is

guilty of bad faith in the commencement, conduct, maintenance or defense of the action."

*Nelson v. Anderson Lumber Co.*, 140 Idaho 702, 716, 99 P.3d 1092, 1106 (Ct.App.

2004). This section allows for reasonable attorney fees for a governmental entity or the

employee of such entity if they show by clear and convincing evidence that the party

against which such award is sought was guilty of bad faith.  I.C. § 6-918A.

---

[2]  Therefore, I.C. § 12-121 does not apply to this case, and Defendants' Motion for
Attorney Fees pursuant to this statute is denied.

REPORT AND RECOMMENDATION - 8 -

Defendants argue that Plaintiff's "clear failure to provide the requisite statutory notice, his failure to allege any facts to support any of the identified tort claims on their merits and his continued pursuit of an independent claim for civil conspiracy which is not even recognized by Idaho is clear and convincing evidence of the Plaintiff's bad faith in the commencement, conduct and maintenance of the clause of action . . . ." *Memo. in Support of Petition for Allowance of Attorney's Fees*, p. 6 (Docket No. 265); *Memo. in Support of Petition for Allowance of Attorney's Fees*, pp. 5–6 (Docket No. 267-2); *Memo. in Support of Petition for Allowance of Attorney's Fees*, pp. 7–8 (Docket No. 269-2); *Motion for Attorney Fees*, pp. 6–9 (Docket No. 270-1).  In summary, Defendants contend that "Plaintiff clearly sought simply to harass Defendants," and attempt "to force [Defendants] to deliver potable water to his residence; a remedy which would not have even been available in the lawsuit."  *Id*.

Plaintiff counters that Defendants' allegations of bad faith are "speculative" and "are nothing more than unsupported conclusory statements that attempt to make a showing of bad faith when, in fact, [they are] simply complaining because Plaintiff pursued vigorously his causes of action."  *Objection to Motion for Allowance of Attorneys' Fees*, pp. 15–16 (Docket No. 275).  Plaintiff opines that the dismissal *without prejudice* is itself "a finding [that] the action is not frivolous because the action in its entirety can be brought again in state court.  *Id*.  Plaintiff also argues that Defendants are not the prevailing party because the Judgment was based on a dismissal *without prejudice* and the fact that "there was no conclusion to this action based upon the merits."  *Id*.

Bad faith means "dishonesty in belief or purpose."  *Cordova v. Bonneville County Joint Sch. Dist. No. 93*, 144 Idaho 637, 643, 167 P.3d 774, 780 (2007); *Cobbley v. City of Challis*, 143 Idaho 130, 135, 139 P.3d 732, 737 (2006) (citing Black's Law Dictionary).  Given the clear and convincing standard that Defendants' bear, and record as a whole, it cannot be said that Plaintiff pursued this action in bad faith.  Thus, attorneys' fees for Plaintiff's state law claims should be denied.

### 5.    Attorneys' Fees Pursuant to 42 U.S.C. § 1988

"A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  *Henley v. Eckerhart*, 461 U.S. 424, 429 (1983) (*citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")).  In other words, for Defendants to prevail, they must show that Plaintiff's action was "meritless in the sense that it is groundless or without foundation."  *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  Defendant is not required to show subjective bad faith on the part of Plaintiff.  *Christianburg Garment Co.*, 434 U.S. at 421.  Rather, to prevail, Defendants must only show that Plaintiff's civil rights claims were frivolous.  *Id*.

"A frivolous case is one that is groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant.  The case is frivolous when the [plaintiff's] position was foreclosed by binding precedent or so obviously wrong as to be frivolous."  *United*

*States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003). In determining

whether this standard has been met, the Court must assess the claim at the time the complaint

was filed, and avoid "post hoc reasoning by concluding that, because a plaintiff did not

ultimately prevail, his action must have been unreasonable or without foundation." *Warren v.*

*City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995).

On August 20, 2008, the undersigned reviewed Plaintiff's complaint, and entered a report

and recommendation concluding that Plaintiff failed to allege a proper §§ 1983, 1985, or 1986

civil rights claim. *Order, Report and Recommendation*, pp. 42–44 (Docket No. 244).

Specifically, with regard to Plaintiff's § 1983 claim, the Court found that "[t]here is no

substantiated allegation that [Defendants] acted under color of state law in this case; rather,

Plaintiff merely alleges state action by other Defendants;" "there is no evidence that, . . . Plaintiff

has actually suffered a deprivation of some right, privilege, or immunity secured by the U.S.

Constitution;" and "Plaintiff's defamation claim does not provide a basis for a § 1983 claim

because § 1983 provides the statutory authorization to redress violations only of *federal* civil

rights, not state-based rights." *Id*. Additionally, with regard to all of Plaintiff's civil rights

claims, it was found that Plaintiff is not a member of a protected class—an essential element in

maintaining such a claim. *Id*.

Accordingly, the Court finds that Plaintiff's civil rights claims brought against

Defendants were frivolous and groundless at the point they were filed. Likewise, an award of

fees pursuant to 42 U.S.C. § 1988 is justified. Plaintiffs should prevail on this portion of their

claim for fees.

REPORT AND RECOMMENDATION - 11 -

a.      Calculation

The Ninth Circuit requires that, when claiming fees under a fee-shifting statute such as §

1988, the amount of attorney fees claimed must be reasonable.  *Gates v. Deukmejian*, 987 F.2d

1392, 1397 (9th Cir. 1992).  Furthermore, "[t]he fee applicant bears the burden of documenting

the appropriate hours expended . . . and must submit evidence in support of those hours worked."

*Id*. (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).

Courts within the Ninth Circuit use the lodestar method to determine the reasonableness

of fees claimed.  *Staton v. Boeing, Co.*, 327 F.3d 938, 965 (9th Cir. 2003).  The lodestar method

is a two-step process.  *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996).  First

the court calculates the "lodestar figure" by "multiplying the number of hours the prevailing

party reasonably expended on the litigation by a reasonable hourly rate."  *Id.*  The court then

looks to see if the presumptively-reasonable lodestar figure is fair considering other "factors

bearing on reasonableness."[3]  *Morales*, 96 F.3d at 363–64.

Defendants' counsels have submitted billing statements that represent working a

reasonable amount hours at hourly rates consistent with the area.  *Gledhill Affidavit* (Docket No.

266); *Alexander Affidavit* (Docket No. 267-2); *Moore Affidavit* (Docket No. 269-2); *Simmons

Affidavit* (Docket No. 270).  The Court has carefully and throughly reviewed the billing

statements submitted and finds that the entries do not reflect excessive amounts and that the

activities described within each block of time appear proportionate to the total amount of time

billed.  Further, upon consideration of the relevant factors, the Court finds, and thus concludes,

---

[3]  The factors considered in the Ninth Circuit are:  (1) the time and labor required, (2) the preclusion of
other employment by the attorney due to acceptance of the case, (3) the customary fee, (4) time limitations imposed
by the client or the circumstances, (5) the "undesirability" of the case, (6) the nature and length of the professional
relationship with the client, and (7) awards in similar cases.  *See Morales*, 96 F.3d at 364.

REPORT AND RECOMMENDATION - 12 -

the total amounts ($75,704.00; $108,325.00; $28,323.00; $48,077.75) are fair and reasonable under the circumstances.

Defendants apportioned their claims for fees by attributing equal fractions of total time spent defending each of Plaintiff's claims.[4]  Defendants advance that this division of time is fair and just under the circumstances because of a balance made between the time spent defending more complicated or novel claims was balanced against the time spent defending less complex claims.  In the Court's well-formed view, this proposed division is proper and just.  The award of fees will be apportioned accordingly.  Thus, Defendants will be awarded attorneys' fees as follows:

1.    Defendants Centerville Water System Inc., and Ronald N. Shell's $75,704.00 total accounting is reduced by five-sixths to $12,617.34;

2.    Defendants Jim Steffen, Centerville Fire District Inc, and Bruce E. Baumhoff's $108,325.00 total acounting is reduced by five-sixths to $18,054.17;

3.    Defendants Tim Fleming, Larry Lampson, Roger B. Jackson, and Rora A. Canody's $28,323.00 total accounting is reduced by four-fifths to $5,664.60; and

4.    Defendants Baumhoff & Company LLC, and Edward O. Baumhoff's $48,077.75 total accounting is reduced by five-sixths to $8,012.96.

## B.    Non-taxable Costs

---

[4]  This division of labor was apparently done because it is undisputed that Defendants are not entitled to fees for defending Plaintiff's RICO claims.  Accordingly, the amount claimed was reduced by one-sixth for all Defendants, except for Defendants Tim Fleming, Larry Lampson, Roger B Jackson, and Rora A Canody; and Defendants Baumhoff & Company LLC and Edward O. Baumhoff.  The former set of Defendants only reduced their claim by one-fifth because Plaintiff did not claim a Breach of Fiduciary Duty against these Defendants.  The Baumhoff Defendants apparently did not reduce their claim for fees, nor did they cite any statutory provisions that would allow them to claim fees for prevailing on the RICO claim.

In addition to petitioning this Court for an award of Attorneys' fees, Defendants Roger B. Jackson, Rora A. Canody, Tim Fleming and Larry Lampson additionally seek an award of $958.88 in non-taxable litigation costs.

"Under § 1988, the prevailing party may recover as party of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *H.N. Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). This kind of petition for costs should be granted when the presented expenses are deemed reasonable. *Id*. (*citing United Steelworkers fo Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

Upon consideration of all relevant factors, the Court finds, and thus concludes, that the non-taxable costs claimed are fair and reasonable under the circumstances. However, these costs can only be levied upon in defense of Plaintiff's civil rights claims. Accordingly, $958.88 will be similarly divided to account for the work done by Defendants' counsel on work outside of Plaintiff's civil rights claims.

## C.      Taxable Costs & Motion to Show Cause

On October 6, 2008, Defendants Baumhoff & Company, LLC, and Edward O. Baumhoff submitted a Petition for Taxation of Costs Pursuant to Local Rule 54.1(c)(8). *Bill of Costs* (Docket No. 271). On October 23, Plaintiff objected to this motion, claiming that he was not served with the petition, further requesting that the Court issue an Order to Show Cause why the petition was not mailed to Plaintiff as Ordered by the Court. *Objection*, p. 2 (Docket No. 274). Plaintiff argues, in the alternative, that the Court does not have jurisdiction to consider costs, that Defendants are not "prevailing parties," that the costs were not properly documented, and that the petition for taxable costs was not accompanied by a requisite "certification by counsel."

**REPORT AND RECOMMENDATION - 14 -**

A federal court "applies federal procedural rules and thus, will award costs in accordance with federal law unless a state law provision allows for the awarding of costs as part of a substantive, compensatory damages scheme."  *Kelly v. Echols*, No CIVF05118AWISMS, 2005 WL 2105309, at *16 (E.D.Cal. Aug.30, 2005) (*citing Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064-65 (9th Cir. 2003)).  Likewise, an award of standard costs is governed by Federal Rule of Civil Procedure 54(d) and the federal court's local rules.  *See Champion Produce*, 342 F.3d at 1022.  District of Idaho Local Civil Rule 54.1 allows for an award of costs to the prevailing party, provided that a party serve and file "a cost bill in the form prescribed by the Court" within "fourteen . . . days after entry of a judgment, under which costs may be claimed." The "cost bill must itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred, and are allowable by law."  *Id*.

Although Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so."  *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).  However, "[i]n exercising that discretion, a district court must 'specify reasons' for its refusal to award costs."  *Berkla*, 302 F.3d at 921.

Further, the Court will consider Plaintiff's Motion for review of Clerk's entry of Bill of Costs.  (Docket No. 287).  In his motion, Plaintiff plainly rehashes points made in his Objection to Defendant's Bill of Costs.  *Id*.  Namely, Plaintiff argues, that there is no prevailing party, and that the Court has no jurisdiction to hear a petition for taxable costs.

It has already been determined that Defendants were the prevailing parties.  *See* discussion *supra* part II.A.  Furthermore, the Certificate of Service attached to Defendants' Petition for Taxation of Costs clearly and unambiguously states that Plaintiff was, in fact, served via first class mail to Plaintiff's proper mailing address.  *Bill of Costs*, p. 7 (Docket No. 271).  Additionally, Defendants are correct to point out that, even if Plaintiff did not receive the Bill of Costs, Plaintiff suffered no prejudice.  *Reply in Support of Petition*, p. 3 (Docket No. 280).  Plaintiff became aware of the Petition and objected to it months before costs were taxed against him.  Plaintiff, through his Objection and Motion to Review, has now had two opportunities to argue his position with regard to Defendants' Petition for Taxable Costs.  Plaintiff's arguments are not persuasive.  Additionally, the costs that were taxed were appropriate and reasonable.  Accordingly, the Costs taxed upon Plaintiff should be upheld.

## III.  RECOMMENDATION

In accordance with the foregoing, it is recommended that the outstanding Motions be resolved as follows:

1.      Defendants Ronald N. Shell and Centerville Water System, Inc.'s Motion for Attorneys' Fees (Docket No. 264) is GRANTED IN PART and DENIED IN PART;

   A.      The Petition for fees pursuant to I.C. §§ 6-918A and 12-121 is DENIED;

   B.      The Petition for fees pursuant to 42 U.S.C. § 1988 is GRANTED.  Defendants Ronald N. Shell and Centerville Water System, Inc. are awarded attorneys' fees in the amount of $12,617.34;

2.      Defendants Jim Steffen, Centerville Fire District Inc, Bruce E. Baumhoff's Motion for Attorneys' Fees (Docket No. 267) is GRANTED IN PART and DENIED IN PART;

A.      The Petition for fees pursuant to I.C. §§ 6-918A and 12-121 is DENIED;

B.      The Petition for fees pursuant to 42 U.S.C. § 1988 is GRANTED.  Defendants
Jim Steffen, Centerville Fire District Inc, Bruce E. Baumhoff are awarded
attorneys' fees in the amount of $18,054.17;

3.      Defendants Tim Fleming, Larry Lampson, Roger B Jackson, Rora A Canody's Motion
for Attorney Fees and Non-Taxable Costs (Docket No. 269) is GRANTED IN PART and
DENIED IN PART;

A.      The Petition for fees pursuant to I.C. §§ 6-918A and 12-121 is DENIED;

B.      The Petition for fees pursuant to 42 U.S.C. § 1988 is GRANTED.  Defendants
Tim Fleming, Larry Lampson, Roger B Jackson, Rora A Canody are awarded
attorneys' fees in the amount of $5,664.60;

C.      The Petition for Non-taxable Costs is GRANTED IN PART.  Defendants Tim
Fleming, Larry Lampson, Roger B Jackson, Rora A Canody are awarded non-
taxable costs in the amount of $191.78;

4.      Defendants Baumhoff & Company LLC, Edward O. Baumhoff's Motion for Attorney
Fees (Docket No. 270) is GRANTED IN PART and DENIED IN PART;

A.      The Petition for fees pursuant to I.C. §§ 6-918A and 12-121 is DENIED;

B.      The Petition for fees pursuant to 42 U.S.C. § 1988 is GRANTED.  Defendants
Baumhoff & Company LLC, Edward O. Baumhoff are awarded attorneys' fees in
the amount of $8,012.96;

5.      Plaintiff's Motion for an Order to Show Cause is DENIED (Docket No. 274);

6.     Plaintiff's Motion for review of Clerk's entry of Bill of Costs (Docket No. 287) is

GRANTED.  The levied costs are appropriate and reasonable.  The Costs taxed upon

Plaintiff are upheld.

NOTICE:  Written objections to this Report and Recommendation must be filed within ten (10)

days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written

objections are not filed within the specified time, the right to raise factual and/or legal objections

in the Ninth Circuit Court of Appeals may be waived.



DATED:  **May 11, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge