IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALLEN L. WISDOM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV07-95-S-EJL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CENTERVILLE FIRE DISTRICT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in the above entitled matter are several motions for attorney fees filed by the Defendants, Plaintiff's motion for an order to show cause, and a motion to review Clerk's entry of bill of costs. On May 11, 2009, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that the Defendants' Motions for Attorney's Fees be granted in part and denied in part, that the Plaintiff's motion for an order to show cause be denied, and approving the bill of costs.

The Plaintiff filed objections to the Magistrate Judges's recommendations. Any party may challenge a magistrate's proposed recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

The Plaintiffs contends that the Magistrate Judge erred in deciding the motions for attorney

fees because (1) the Magistrate Judge previously ruled on identical issues in its April 23, 2009 order that has not been reviewed by the District Court, (2) the pending appeal divests the Court of jurisdiction to rule on the motions, (3) there is no prevailing party because the case was dismissed without prejudice, and (4) the amount of attorney fees is not appropriate or reasonable.

**Discussion**

I.   April 23, 2009 Order

Plaintiff objects to the recent report and recommendation arguing the Magistrate Judge has already ruled on the same issues in its April 23, 2009 Order to which Plaintiff filed a motion for reconsideration that this Court has not yet ruled upon. (Dkt. Nos. 288, 289). After the entry of that Order, the Magistrate Judge vacated its April 23, 2009 Order and appropriately issued the instant report and recommendation on May 11, 2009. (Dkt. No. 290). As such, Plaintiff's objection on this basis is addressed in the record itself as well as the motion for reconsideration. (Dkt. No. 289). Accordingly, the motion for reconsideration is moot.

II.   Jurisdiction

Plaintiff argues the Court is without jurisdiction at this time to consider the motions for attorney fees in light of his pending appeal. (Dkt. No. 272). Both the Magistrate Judge and the Defendants' point out that the filing of a notice of appeal does not divest the district court of jurisdiction to rule on ancillary matters such as motions for attorney fees. (Dkt. No. 293, p. 3) (Dkt. No. 291, p. 6). They are correct that the Court properly has jurisdiction to rule on motions for attorney fees even where a notice of appeal has been filed and not yet decided. See League of Women Voters of California v. Federal Communications Commission, 751 F.2d 986, 990 (9th Cir. 1985).

III.   Prevailing Party

The prevailing party in this action are the Defendants who have successfully filed motions for summary judgment resulting in the dismissal of this action. Plaintiff argues the Defendants have not prevailed because the dismissal was without prejudice and, therefore, there is no prevailing party. The Plaintiff is mistaken. The dismissal of the action without prejudice does not preclude the finding that one party is the prevailing party. See International Marble & Granite of Colo., Inc. v. Congress Fin. Corp., 465 F.Supp.2d 993 (C.D. Cal. 2006). Based on the record before the Court, the Defendants' arguments, and the Magistrate Judge's findings, the Court finds the Defendants are the prevailing parties in this matter as they were granted summary judgment in their favor.

IV.     Award of Attorney Fees Under § 1988

Having found the Defendants to be the prevailing party, the Magistrate Judge went on to award attorney fees to the Defendants pursuant to § 1988. While the prevailing party in a § 1983 suit may recover attorney fees pursuant 42 U.S.C. § 1988(b), a prevailing defendant in a § 1983 suit should be awarded attorney fees only when the action is "unreasonable, frivolous, merciless, or vexatious." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994). Plaintiff objects to the award arguing his claims were not frivolous or groundless but, instead, contained triable issues of material fact that existed at the time he filed his complaint and continue to exist today. The Court disagrees.

The § 1988 claim brought against the Defendants was without merit. In granting the motion for summary judgment, the Court found that the Plaintiff's claims were lacking in their most basic elements that Plaintiff knew, or should have known, making the claims frivolous. In particular, the Court found that as to the civil rights claim there was no allegation that the Defendants acted under the color of state law; Plaintiff suffered deprivation of a right, privilege, or constitutional immunity; and/or that Plaintiff was a member of a recognized protected class. (Dkt. Nos. 244, 259, 285). As

such, the Plaintiff's § 1988 claim was without foundation as to its necessary elements from its inception and attorney fees are appropriate in this case.

V.     Calculation of Attorney Fees

Plaintiff next objects to the Magistrate Judge's attorney fee calculation adopting the parties' division of fees by the number of causes of action to arrive at an amount; which he argues does not reflect the number of hours and costs involved as required by the lodestar method. In arriving at the amount of attorney fees to award, the Magistrate Judge recognized the requirement that the amount be reasonable and concluded that the amounts arrived at were fair and reasonable under the circumstances as apportioned in the billing statements.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Jordan v. Multnomah County, 815 F.2d 1258, 1262 & n.5 (9th Cir. 1987) (explaining method to arrive at "lodestar" figure); see also Dang v. Cross, 422 F.3d 800, 812 (9th Cir. 2005). In determining a reasonable fee award, the Court considers both the "experience, skill and reputation of the attorney requesting fees" Trevino v. Gates, 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984). The "fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Multnomah County, 815 F.2d at 1262. In determining a reasonable hourly rate, the Court considers experience, skill, and reputation of attorney requesting fees, which should be calculated according to prevailing market rates in the relevant community, typically the community in which district court sits. Schwarz v. Secretary of Health and Human Services, 73 F.3d 895, 907 (9th Cir. 1995) (citations omitted). "[T]he district

court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (citation omitted).

Once the lodestar amount is determined, the Court then "assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996).[1] It is only in "exceptional cases" that a district court needs to adjust the "presumptively reasonable" lodestar figure based upon the Kerr factors. Dang, 422 F.3d at 812. The Court finds the present case is not such a "rare" or "exceptional" case that the lodestar figure needs to be adjusted upward or downward using the Kerr factors.

Using this framework, this Court has considered the parties arguments on the motions for attorney fees in light of the entire record herein and finds the award of attorney fees in this case is appropriate and finds as follows. The hourly rates charged by the attorneys in this matter are comparable to the reasonable hourly rate for attorneys of similar experience and similar work in this area. As to the total number of hours billed the Court finds them to be within reasonable limits given the length of the complaint, the number of parties and claims raised in the complaint, and the volume of filings. The Court has noted certain discrepancies in the billings below. The Court has

---

[1] The original Kerr factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved: (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and 912) awards in similar cases." Id. at 364, n. 8 (citing Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). "[T]he court 'need not consider all ... Kerr factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.'" Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002); see also Hensley, 461 U.S. at 363-64) ( Kerr "factors irrelevant to the case need not be considered....").

also reviewed the amount of the attorney fees requested by each of the Defendants and generally finds the amounts to be reasonable. Likewise, the Court finds the division of hours by the number of claims and the appropriate reductions thereupon are reasonable given the allegations in the complaint and various motions are intertwined, which necessarily required equal proportional amounts of work on the claims.

    A.    <u>Defendants Centerville Water System, Inc. and Ronald N. Shell</u>

The Court finds the rates charged by these Defendants are reasonable given the attorney's experience and the circumstances of this case. (Dkt. Nos. 264, 266 Ex. A). Stephen J. Gledhill, a partner, charged $215 per hour for 214.4 hours of work and did not charge for 7.1 hours of work. Vicky J. Elkin, an associate and now partner, charged $175 per hour for 133.9 hours worked and did not charge for 9.4 hours of work. Christopher P. Graham, an associate and now partner likewise charged $175 per hour for 34.7 hours of work. Todd Winegar, an associate with experience, charged $200 per hour for .3 hours of work. Burt R. Willie, an associate, did not charge for 1.7 hours of work.

These are comparable to fees charged for comparable skills and experience in this area. The hours worked were reasonable and necessary in light of the fact that this action involved multiple parties, several claims, voluminous motions, and, as to this particular Defendant, additional expenses used to defend against claims regarding the irrigation system. The six causes of action were intertwined resulting in proportional work being required for the claims. Thus, the division of the total fee by the number of claims for total of $12,610.17 per claim is appropriate. (Dkt. Nos. 264, 266 Ex. A). The Court finds the amount of $12,610.17 is a reasonable and appropriate amount of attorney fees awardable pursuant to 42 U.S.C. § 1988 based on the rates and hours expended in this matter. (Dkt. Nos. 264, 266 Ex. A).

B. <u>Defendants Jim Steffen, Centerville Fire District Inc., Bruce E. Baumhoff</u>

These Defendants were represented by J. Robert Alexander who charged an hourly rate of $175 for 619 hours worked on this matter. (Dkt. No. 267). The Court finds this hourly rate to be reasonable and appropriate given Mr. Alexander's work experience and the rates generally charged in this area for attorneys of similar experience for similar work. The Court also finds the number of hours to be reasonable given the multiple claims, multiple parties, and number of filings in this matter. As stated above, the Court finds the division of hours based on the number of claims to be reasonable given the fact that the allegations for the claims were so intertwined that the work necessary on each of the claims was equal or nearly equal. Further, Mr. Alexander has appropriately portioned his billings between his clients as the Defendant Bruce Baumhoff did not prevail on his individual defamation claim. As such, Mr. Alexander's division of the claims by one-sixth for all but Defendant Baumhoff is appropriate and reasonable. As such, the Court finds a total award of $18,054.17 is appropriate and reasonable in this case for Mr. Alexander pursuant to 42 U.S.C. § 1988. (Dkt. No. 267).

C. <u>Defendants Roger B. Jackson, Rora A. Canody, Tim Fleming, and Larry Lampson</u>

The Court finds the fees and costs incurred by these Defendants were necessary and reasonable in this litigation. (Dkt. No. 269). The Court further finds the hourly rate is reasonable and consistent with other lawyers in this geographic area for similar services. The hours and rates charged are as follows: Michael W. Moore, partner, has charged $125 per hour for 190.8 hours of work; Steven R. Kraft, associate, has charged $110 per hour for 35.3 hours of work; Kristine Moriarty, associate, has charged $110 per hour for 63.2 hours of work; Brady J. Hall, new associate, has charged $80 per hour for 1.1 hours of work; and Audrey Farrell, paralegal, has charged $60 per hour for 10.4 hours of work.

The hours are reasonable particularly in light of the fact that counsel used associates to research and prepare responses to pleadings and motions in an effort to save money. This case involved numerous parties and motions which presented multiple theories which intertwined with one another making the hours expended on each claim nearly equal. As such, the Court again concludes that the proportioning of the billing by the number of claims, in the case of these Defendants one-fifth, is appropriate and reasonable. The Court finds attorney fees pursuant to 42 U.S.C. § 1988 for these Defendants are appropriate in the amount of $5,664.60. (Dkt. No. 269).

D. <u>Defendants Baumhoff & Company LLC and Edward O. Baumhoff</u>

These Defendants were represented by several attorneys from a single law firm during the course of this litigation. The rate charged per hour for the two shareholders, Jon T. Simmons and Wade L. Woodard, was $200, which the Court finds to be a reasonable hourly rate in this area. The two associates working on the case, Aaron C. Charrier and Yvonne A. Vaughan, billed at an hourly rate of between $150 to $175. Likewise there were two paralegals, Carolyn M. Baldino and Christina L. Morrow, who worked on the case for hourly rates of between $105 and $120. Finally, one document clerk also appeared on the billing records, Lindsey Harris, who bills at a rate of $55 per hour. The hourly rates for the associates and paralegals increased beginning in January of 2008 by $5 per hour. The Court finds these rates to be reasonable and comparable to the rates for attorneys of similar experience in similar cases in this area.

The billing records for these Defendants, however, did not include total amounts of hours for each of the attorneys which required the Court to expend a great deal of time to calculate the hours in order to determine whether the amount of hours is reasonable. (Dkt. No. 270). Having done so, the Court has determined that the hours are in fact reasonable in this matter and comparable to the other attorney billing records in this case. As noted repeatedly above, there were multiple

parties and claims involved in this case as well as numerous motions to which these Defendants had to respond. Furthermore, the Court finds it appropriate to proportion the amount of hours by the number of claims in this case as the allegations were so intertwined that responding to one claim necessarily involved work on the other claims. As such, the Court finds that an award of $8,012.96 is reasonable pursuant to 42 U.S.C. § 1988. (Dkt. No. 270).

VI. Plaintiff's *Pro Se* Status

Plaintiff argues his status as a *pro se* litigant should be considered when determining whether a claim was frivolous and maintains that he alleged triable issues of material fact in his complaint. Defendants counter that the court correctly applied the legal standard applicable in the Ninth Circuit to *pro se* litigants. This Court agrees that Plaintiff here was given every opportunity to present his claims and provide evidence supporting the merits of his allegations and simply has failed to do so. The Plaintiff's persistent argument was that his claims had merit but were unsupported by any facts or evidence presented in the record. The record demonstrates that the Plaintiff, although *pro se*, was very well able to file and respond to motions and articulate his arguments. As such, the Court finds that Plaintiff was held to the appropriate standard for a *pro se* litigant in this matter but that his *pro se* status does not preclude an award of attorney fees in this case.

VII. Non-Taxable Costs

The Magistrate Judge awarded $191.78 in non-taxable litigation costs to Defendants Roger B. Jackson, Rora A. Candoy, Tim Fleming, and Larry Lampson. (Dkt. No. 269). Plaintiff objects to the inclusion of costs for photocopies beyond those attached to a document required to be filed and served and for computer aided research.

These Defendants sought $958.88 in costs. The Magistrate Judge awarded only the amount attributable to the defense of Plaintiff's claim pursuant to § 1988. The amounts sought were for

postage, photocopies, long distance phone calls, online legal research, and mileage reimbursement. (Dkt. No. 269). As with the award of attorney fees, the Magistrate Judge divided the requested amount by the number of claims which this Court finds to be appropriate. As to the Plaintiff's objections that the computer research and photocopies are not an allowable "taxable" costs, the Court notes that the Defendants' motion seeks an award for such as "non-taxable" costs. The request is made pursuant to 42 U.S.C. § 1988 as a part of the Defendants' fee request.

"Under § 1988, the prevailing party may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005) (citations and quotations omitted). "Such out-of-pocket expenses are recoverable when reasonable." Id. The expenses sought to be reimbursed in this case include actual costs that were reasonable and necessary to defend against this action and are expenses normally charged to a fee paying client. As such, this Court agrees that the non-taxable costs attributable to the § 1983 claim are appropriately recoverable in this case. Further, the Court finds the costs are at a reasonable and customary rate for such charges this area. Accordingly, the Court will grant the motion in part and award $191.78 in non-taxable costs.

VIII.  Taxable Costs

Defendants Baumhoff & Company, LLC, and Edward O. Baumhoff submitted a Petition for Taxation of Costs pursuant to Local Rule 54.1(c)(8). (Dkt. No. 271). The Bill of Costs sought $830.05 for photocopying and $1,177.70 for computerized legal research. (Dkt. No. 271). The Clerk entered a Bill of Costs for $830.05 for the photocopying but did not award the amount requested for computer research. The Plaintiff objected and filed a motion for review of the Clerk's entry of Bill of Costs arguing he had not been served with the Bill of Costs and the costs were not proper. Having combed the record, the Magistrate Judge correctly identified that this Bill of Costs

was properly served upon the Plaintiff, the Plaintiff had ample opportunity to challenge the costs, and the Clerk's entry of Bill of Costs was appropriate. This Court's own review of the record is consistent with the Magistrate Judge's and finds the award is appropriate and reasonable in this case.

**ORDER**

Having conducted a *de novo* review of the objected to portions of the Report and Recommendation, this Court finds that Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Judge Boyle, and this Court being fully advised in the premises, IT IS HEREBY ORDERED that the Report and Recommendation entered on May 11, 2009 (Dkt. No. 291), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety and the Court so ORDERS as follows:

1. Defendant's Motion for Attorney Fees (Dkt. No. 264) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to fees pursuant to Idaho Code §§ 6-918A and 12-121. The motion is granted as to fees pursuant to 42 U.S.C. § 1988. Defendants Ronald N. Shell and Centerville Water System, Inc. are awarded attorney fees in the amount of $12,617.34.

2. Defendant's Motion for Attorney Fees (Dkt. No. 267) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to fees pursuant to Idaho Code §§ 6-918A and 12-121. The motion is granted as to fees pursuant to 42 U.S.C. § 1988. Defendants Jim Steffen, Centerville Fire District Inc., and Bruce Baumhoff are awarded attorney fees in the amount of $18.054.17.

3. Defendant's Motion for Attorney Fees (Dkt. No. 269) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to fees pursuant to Idaho Code §§ 6-918A and 12-121. The motion is granted as to fees pursuant to 42 U.S.C. § 1988. Defendants Tim Fleming, Larry Lampson, Roger B. Jackson, and Rora A Canody are awarded attorney fees in the amount of $5,664.60. Defendant's Motion for Non-Taxable Costs (Dkt. No. 269) is **GRANTED IN PART**. The motion is granted as to non-taxable costs in the amount of $191.78.

4. Defendant's Motion for Attorney Fees (Dkt. No. 270) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to fees pursuant to Idaho Code §§ 6-918A and 12-121. The motion is granted as to fees pursuant to 42 U.S.C. § 1988. Defendants Baumhoff & Company LLC and Edward O. Baumhoff are

awarded attorney fees in the amount of $8,012.96.

5. Plaintiff's Motion for an Order to Show Cause (Dkt. No. 274) is **DENIED**.

6. Plaintiff's Motion for Review of Clerk's Entry of Bill of Costs (Dkt. No. 287) is **GRANTED**. The levied costs are appropriate and reasonable. The Costs taxed upon Plaintiff are upheld.

DATED: **February 4, 2010**

Honorable Edward J. Lodge
U. S. District Judge